UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN CONLIN, JR.,

      Plaintiff,

v.                                             Case No.  8:08-cv-1857-T-24 TBM

BYRON MATLOCK MASONRY, INC.
and BYRON MATLOCK,

      Defendants.
_____/

## ORDER

This cause comes before the Court on Plaintiff's Motion for Default Judgment.  (Doc. No. 12).

Plaintiff was an hourly paid employee performing block mason activities for Defendants for the three years prior to filing this action.  (Doc. No. 4, ¶2).  He worked approximately 67 hours per week and was paid $18 per hour for all hours worked.  (Doc. No. 12, Ex. A, ¶ 4). Defendants failed to pay Plaintiff one-and-a-half times his regular rate, $27 ($18 x 1.5), for every hour he worked in excess of 40 hours per week.[1]  As such, Defendants are liable for $37,956.60 in unpaid overtime.[2]  This amount is calculated by multiplying the number of weeks at issue by the number of hours in excess of 40 worked each week: 156.2 weeks x 27 excess hours per

---

[1] Pursuant to 29 U.S.C. § 207, if an employee works more than 40 hours per week, he must receive compensation for the excess hours worked at a rate of one and one-half times his regular rate of pay.

[2] Pursuant to 29 U.S.C. § 216(b), an employer who fails to pay overtime is liable to the employee in an amount equal to the employee's unpaid overtime compensation, plus an additional equal amount as liquidated damages.  Additionally, the employee shall be awarded a reasonable attorney's fee and costs.

week, which totals 4,217.40 hours of overtime worked.  Plaintiff should have been paid $27 per hour of overtime, but he was only paid $18 per hour, which means that Defendants failed to pay Plaintiff an additional $9 per hour for each hour of overtime he worked.  Therefore, Defendants owe Plaintiff $37,956.60 in unpaid overtime ($9 x 4,217.4).  Additionally, Plaintiff is entitled to $37,956.60 in liquidated damages, for a total damages award of $75,913.20.[3]

Plaintiff is also entitled to an award of attorney's fees and costs.  His attorney submitted an affidavit that she worked 9 hours on this case and that she customarily charges her clients $300 per hour.  The Court finds that the amount of time spent and the amount charged per hour are both reasonable.[4]  Accordingly, the Court awards Plaintiff $2,700 in attorney's fees.

Plaintiff's attorney also submitted an itemization of costs expended in this case, totaling $473.84.  The Court finds this amount to be reasonable and will award such costs.

Accordingly, it is ORDERED AND ADJUDGED that the motion is **GRANTED** as follows: The Clerk is directed to enter judgment in favor of Plaintiff in the amount of $75,913.20 in damages, $2,700 in attorney's fees, and $473.84 in costs.  The Clerk is directed to close the case.

**DONE AND ORDERED** at Tampa, Florida, this 25th day of November, 2008.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

---

[3] Plaintiff requested unpaid overtime compensation in the amount of $113,869.80, which was calculated by multiplying Plaintiff's overtime rate of $27 by the amount of overtime hours worked.  However, Plaintiff was paid $18 per hour, including overtime hours, and as such, his unpaid overtime compensation equals $9 ($27 - $18) per overtime hour worked.

[4] The Court notes that according to the Florida Bar website, Plaintiff's attorney has been a member of the Florida Bar since November 27, 2001.